United States District Court
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   MITCH HIGHTOWER, *et al.*,                 No. C-12-5841 EMC

9            Plaintiffs,

10       v.                                     **ORDER GRANTING DEFENDANTS'**
                                               **MOTION TO DISMISS, AND DENYING**
11  CITY AND COUNTY OF SAN                      **PLAINTIFFS' MOTION FOR A**
    FRANCISCO, *et al.*,                        **PRELIMINARY INJUNCTION**
12
             Defendants.                        **(Docket Nos. 5, 15)**
13
    _____/
14

15

16          Plaintiffs Mitch Hightower, Oxane "Gypsy" Taub, George Davis, and Russell Mills have

17  filed a class action against Defendants the City and County of San Francisco, two members of the

18  Board of Supervisors (in their official capacities only), and the clerk of the Board of Supervisors (in

19  her official capacity only), alleging that the recent passage of a San Francisco ordinance that bans

20  nudity on, *e.g.*, public streets and sidewalks violates their constitutional rights, in particular, those

21  protected by the First Amendment and equal protection clause.  Currently pending before the Court

22  are two motions: (1) Defendants' motion to dismiss and (2) Plaintiffs' motion for a preliminary

23  injunction.

24          Having considered the parties' briefs and accompanying submissions, as well as the oral

25  argument of counsel, the Court hereby **GRANTS** Defendants' motion to dismiss and **DENIES**

26  Plaintiffs' motion for a preliminary injunction.  As discussed below, the Court concludes that the

27  Ordinance does not conflict with state law, that Plaintiffs' facial challenge to the Ordinance based on

28  the First Amendment lacks merit because nudity is not inherently expressive and because the

**United States District Court**
For the Northern District of California

1   Ordinance is not substantially overbroad, and that Plaintiffs' equal protection claim as pled fails to

2   state a Fourteenth Amendment claim under the rational basis test.

3             **I.   FACTUAL & PROCEDURAL BACKGROUND**

4         At issue in this case is the validity of San Francisco Police Code § 154 which bans nudity on,

5   *e.g.*, public streets and sidewalks.  Plaintiffs initiated this lawsuit before the Ordinance was formally

6   adopted.  However, since the filing of the lawsuit, the Board of Supervisors adopted the Ordinance,

7   which provides as follows:

8          (a)    The Board of Supervisors finds that a person's public exposure
         of his or her private parts invades the privacy of members of
9        the public who are unwillingly or unexpected exposed to such
         conduct and unreasonably interferes with the rights of all
10       persons to use and enjoy the public streets, sidewalks, street
         medians, parklets, plazas, public rights-of-way, transit
11       vehicles, stations, platforms, and transit system stops, (2)
         creates a public safety hazard by creating distractions,
12       obstructions, and crowds that interfere with the safety and free
         flow of pedestrian and vehicular traffic, and (3) discourages
13       members of the public from visiting or living in areas where
         such conduct occurs.  The Board of Supervisors has enacted
14       the provisions of this Section 154 for the purpose of securing
         and promoting the public health, safety, and general welfare of
15       all persons in the City and County of San Francisco.

16          (b)    A person may not expose his or her genitals, perineum, or anal
         region on any public street, sidewalk, street median, parklet,
17       plaza, or public right-of-way as defined in Section 2.4.4(t) of
         the Public Works Code, or in any transit vehicle, station,
18       platform, or stop of any government operated transit system in
         the City and County of San Francisco.

19

20          (c)    The provisions of this chapter shall not apply to (1) any person
         under the age of five years or (2) any permitted parade, fair, or
21       festival held under a City or other government issued permit.
         Notwithstanding this exemption, all persons participating in or
22       attending permitted parades, fairs or festivals shall comply
         with Section 1071.1(b)(2) of the San Francisco Police Code.[1]

23          (d)    Any person who violates this Section 154 shall be guilty of an
         infraction and upon conviction thereof such person shall be
24       punished by a fine not to exceed one hundred dollars ($100)
         for a first violation, and not to exceed two hundred dollars
25       ($200) for a second violation within twelve months of the first
         violation.

26

27   _____

28        [1]  Section 1071.1 governs public nudity in restaurants and public seating areas.

(e)    Upon the third or subsequent conviction under this Section 154 within twelve months of the first violation, such person shall be guilty of an infraction or a misdemeanor.  The complaint charging such violation shall specify whether, in the discretion of the District Attorney, the violation is an infraction or a misdemeanor.  If charged as an infraction, upon conviction, the violator shall be punished by a fine not to exceed $500.  If charged as a misdemeanor, upon conviction, the violator shall be punished by a fine not to exceed $500 or by imprisonment in the County Jail for a period of time not to exceed one year or by both such fine and imprisonment.

(f)    This Section shall not supersede or otherwise affect existing laws regulating nudity under the San Francisco Municipal Code, including but not limited to the Park Code, Police Code, and Port Code.  But in the event of a conflict between this Section 154 and Police Code 1071.1(b)(2), this Section 154 shall prevail.

(g)    A violation of this Section does not require lewd or sexually motivated conduct as required under the indecent exposure provisions of California Penal Code Section 314 or for purposes of California Penal Code 290(c).

S.F. Police Code § 154.

Plaintiffs contend that § 154 violates their constitutional rights as protected by the First Amendment and the equal protection clause.  In their complaint, Plaintiffs intimate that the Ordinance should, at the very least, include an exemption for individuals who are nude and whose nudity is combined with and related to political speech.  *See* Compl. ¶ 40 (noting that the "[o]rdinance contains no exclusion for political speech").  Plaintiffs also claim that they are individuals who engage in expressive activity while they are nude.  *See* Compl. ¶¶ 7-10.  For example, during a City meeting held in November 2012, members of the public were given an opportunity to express their opinions on the proposed Ordinance, and Ms. Taub made comments in opposition and also disrobed at the same time.  *See* Compl. ¶ 8.

In their complaint, Plaintiffs assert the following claims:

(1)    That the Ordinance at issue is invalid because it conflicts with state law.  *See* Compl. ¶ 32.

(2)    That the Ordinance at issue violates their First Amendment rights because (a) it is overbroad and (b) "impermissibly burdens speech without being tailored to the City's stated objectives."  Compl. ¶ 36.

(3)     That the Ordinance violates their right to equal protection because (a) it improperly

discriminates between two categories of children – those between 0-4 years and those

between 5-14 years, *see* Compl. ¶ 48, and (b) it improperly discriminates between persons

who are nude at a permitted event and those who are nude in a public place other than at a

permitted event. *See* Compl. ¶ 44.

## II.   DISCUSSION

As noted above, there are two motions currently pending before the Court: (1) Defendants'

motion to dismiss and (2) Plaintiffs' motion for a preliminary injunction.  The issues raised in the

motions have significant overlap.  This is because, in order for Plaintiffs to prevail on their motion,

they have to establish a likelihood of success on the merits (or at least serious questions going to the

merits), and Defendants' motion to dismiss goes directly to the merits of Plaintiffs' case.[2]  If

Defendants are successful on their motion to dismiss, then Plaintiffs' motion for preliminary

injunction must be denied as moot.  Accordingly, the Court first addresses Defendants' motion.

A.     Defendants' Motion to Dismiss

1.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the

failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to

dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks*

*Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court

must take all allegations of material fact as true and construe them in the light most favorable to the

nonmoving party, although "conclusory allegations of law and unwarranted inferences are

insufficient to avoid a Rule 12(b)(6) dismissal.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough

facts to state a claim to relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see*

---

[2]  Because of the significant overlap, the Court does not agree with Plaintiffs that it was
improper for Defendants to make the motion to dismiss.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to

2   a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted

3   unlawfully." *Iqbal*, 129 S. Ct. at 1949.

4        In their opposition, Plaintiffs suggest that Defendants' motion is not really a 12(b)(6) motion

5   because Defendants are asking the Court to take judicial notice of facts that may not be judicially

6   noticed – more specifically, a transcript of the November 5, 2012, special meeting of the City

7   Operations & Neighborhood Services Committee.  *See* Defs.' RJN, Ex. D (transcript).  Contrary to

8   Plaintiffs' argument, Federal Rule of Evidence 201 does not bar the Court from considering the

9   transcript.  As Plaintiffs note, Federal Rule of Evidence 201 does provide that the "rule governs

10  judicial notice of an adjudicative fact only, not a legislative fact."[3]  Fed. R. Evid. 201(a).  But, Rule

11  201 does not bar a court from taking notice of a legislative fact.  "It simply means that notice of

12  'legislative facts' is left unregulated by Rule 201."  Wright, *et al.*, Fed. Prac. & Proc. § 5103.2.  The

13  Wright treatise goes on to explain that "[f]ederal courts have [in fact] judicially noticed various

14  'legislative facts.'  Such facts are noticed when construing or applying the Constitution.  Federal

15  courts also notice 'legislative facts' when construing statutes, including determining the validity of

16  administrative regulations."  *Id.*  The transcript in question is part of the legislative history of the

17  challenged Ordinance and is subject to judicial notice.  *See, e.g.*, *Territory of Alaska v. American*

18  *Can. Co.*, 358 U.S. 224, 226-27 (1959) (taking judicial notice of the legislative history of a bill);

19  *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (stating that "[l]egislative history is

20  properly a subject of judicial notice").

21        2.        Conflict with State Law

22        Plaintiffs argue first that the Court need not entertain their constitutional challenge to the

23  Ordinance at issue because the Court can invalidate the Ordinance on an independent ground – *i.e.*,

24  because § 154 conflicts with state law.  *See* Cal. Const., Art. XI, § 7 (providing that "[a] county or

25  city may make and enforce within its limits all local, police, sanitary, and other ordinances and

26  _____

27        [3]  The advisory committee notes reflect that "[a]djudicative facts are simply the facts of the
particular case" while "[l]egislative facts . . . are those which have relevance to legal reasoning and
the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court
28  or in the enactment of a legislative body."  Fed. R. Evid. 201, advisory committee notes.

**United States District Court**
For the Northern District of California

regulations not in conflict with general laws"); Cal. Gov't Code § 37100 (providing that "[t]he

legislative body may pass ordinances not in conflict with the Constitution and laws of the State or

the United States"); *O'Connell v. City of Stockton*, 41 Cal. 4th 1061, 1067 (2007) (noting that if

local legislation conflicts with state law, then that local legislation is preempted and is void; adding

that there is a conflict if the local legislation duplicates, contradicts, or enters into an area fully

occupied by general law, either expressly or by legislative implication).  The state law on which

Plaintiffs rely is California Penal Code § 314, as interpreted by the California Supreme Court in *In

re Smith*, 7 Cal. 3d 362 (1972).  In *Smith*, the California Supreme Court held that a man who had

been sunbathing nude on a public beach had not violated § 314.  The Court noted that § 314

prohibits a person from *lewdly* exposing his person or private parts in a public place, and "[a] person

does not expose his private parts 'lewdly' within the meaning of section 314 unless his conduct is

sexually motivated." *Id.* at 366.  The Court continued: "The necessary proof of sexual motivation

was not and could not have been made in the case at bar [because] [i]t is settled that mere nudity

does not constitute a form of sexual 'activity.'" *Id.*

Plaintiffs' assertion that Penal Code § 314 disables local governments such as the City and

County of San Francisco from enacting a law banning nudity (even if not lewd) is without merit.  As

Defendants note, a state appellate court has already rejected the argument that an ordinance that bans

public nudity is preempted because it conflicts with § 314, as interpreted by the California Supreme

Court in *Smith*.  *See Eckl v. Davis*, 51 Cal. App. 3d 831 (1975).  The court in *Eckl* explained as

follows:

> *Smith* is a determination that nudity, in and of itself, is not within the
> proscription of Penal Code section 314.  However, the fact that the
> Legislature has undertaken to proscribe *sexually motivated* public
> nudity – conduct as to which stringent control by legislation is
> obviously necessary – does not mean that the Legislature has thereby
> impliedly determined that public nudity *not* so motivated, including
> sunbathing int eh nude on public beaches, is lawful and, therefore, not
> subject to local regulation.  Rather, the reasonable conclusion is that
> the Legislature intended to reach the serious problem of sexually
> motivated public nudity and to leave the matter of the control of public
> nudity not so motivated to the commonly accepted concept of social
> propriety and to local legislative bodies if particular circumstances call
> for appropriate action.

United States District Court

For the Northern District of California

*Id.* at 842 (emphasis added).  The Court finds *Eckl*'s reasoning persuasive.  Absent any contrary state appellate authority, this Court concludes that there is no conflict between the Ordinance and state law.  Because there is no conflict, the Court must address Plaintiffs' constitutional claims, *i.e.*, that the Ordinance at issue violates their First Amendment and equal protection rights.

       3.    <u>First Amendment</u>

             a.    <u>Facial Challenge</u>

As a preliminary matter, the Court finds that, at this juncture in the proceedings, Plaintiffs have asserted only a facial challenge to § 154, and not an as-applied challenge.  Although Plaintiffs maintain that they are making both kinds of challenges, they essentially argue that the Ordinance is per se unconstitutional – that the Ordinance is unconstitutionality in all contexts where public nudity is banned thereby.  Their complaint does not allege any specific circumstance in which the ban has been applied which raises specific and particular constitutional issues.

In fact, it is clear that the Ordinance has not actually been applied against any individual because it is not due to go into effect until February 1, 2013.  Nor are there any allegations in the complaint, nor is there otherwise any evidence, that the City has threatened to apply the Ordinance to any person in a particular circumstance.

At the hearing, Plaintiffs argued that, since passage of the Ordinance, nudists have been treated more harshly – *e.g.*, at the December 4, 2012, hearing of the Board of Supervisors and during the SantaCon festivities in the downtown area.  But Plaintiffs have not demonstrated that in either instance was the Ordinance being enforced, particularly since it does not go into effect under February 1, 2013.  Plaintiffs conceded as much at the hearing.

Finally, although Plaintiffs have identified in their complaint nudist activities that they have previously engaged in, they have failed to identify with any specificity (including in their complaint) what nudist activities they wish to engage in now or in the imminent future that fall within the scope of § 154, once it is effective.  As the Ninth Circuit has indicated, a court should "decline[] to entertain [an] as-applied challenge[] that would require [it] to speculate as to prospective facts." *Hoye v. City of Oakland*, 653 F.3d 835, 859 (9th Cir. 2011).  This is particularly true where an as-

United States District Court
For the Northern District of California

1    applied challenge is likely to be subject to a context sensitive inquiry under *United States v.*

2    *O'Brien*, 391 U.S. 367 (1968), discussed below.

3                b.      <u>Expression</u>

4           Defendants argue that, under Ninth Circuit precedent, the Court should dismiss Plaintiffs'

5    facial challenge to § 154 because "[a] facial challenge must fail unless, at a minimum, the

6    challenged ordinance is directed narrowly and specifically at expression or conduct commonly

7    associated with expression," *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 950 (9th Cir. 1997)

8    (internal quotation marks omitted), and nudity is neither.  As an example of an inadequate facial

9    challenge, Defendants point to *Roulette v. City of Seattle*, 97 F.3d 300 (9th Cir. 1996).  There, the

10   Ninth Circuit "upheld a Seattle ordinance prohibiting sitting or lying on the sidewalk in downtown

11   and in certain neighborhood commercial zones.  [The court] reasoned that the ordinance targeted

12   general conduct, not expression.  Thus, an overbreadth challenge was inappropriate."  *Nunez*, 114

13   F.3d at 950.  Notably, the Ninth Circuit acknowledged that "sitting can possibly be expressive" but

14   emphasized that that fact was not

15            enough to sustain plaintiffs' facial challenge to the Seattle ordinance. .

16            . . [T]he Supreme Court has entertained facial freedom-of-expression
              challenges only against statutes that, "by their terms," sought to
              regulate "spoken words," or patently "expressive or communicative

17            conduct" such as picketing or handbilling.  Seattle's ordinance does
              neither.  By its terms, it prohibits only sitting or lying on the sidewalk,

18            neither of which is integral to, or commonly associated with,
              expression.

19

20   *Roulette*, 97 F.3d at 303-04.

21          Here, in spite of what Plaintiffs argue, nudity in and of itself is not inherently expressive.  In

22   *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000), a case in which a nude dancing establishment

23   challenged an ordinance banning public nudity, a four-justice plurality of the Supreme Court

24   expressly noted that "[b]eing 'in a state of nudity' is not an inherently expressive condition."  *Id.* at

25   289 (plurality opinion).  Justice Souter did not take issue with this proposition.  *See id.* at 310

26   (Souter, J., concurring in part and dissenting in part) ("agree[ing] with the analytical approach that

27   the plurality employs in deciding this case").  His views on the question were expressed in his earlier

28   concurrence in *Barnes v. Glen Theatre*, 501 U.S. 560 (1991), where he expressly stated that,

**United States District Court**

For the Northern District of California

1    "[a]lthough [nude] dancing is inherently is inherently expressive, nudity *per se* is not." *Id.* at 581

2    (Souter, J., concurring).  While the dissenting opinion of Justices Stevens and Ginsburg would have

3    found the *Erie* ordinance unconstitutional, their opinion was predicated on the proposition that

4    "nude dancing is a species of expressive conduct that is protected by the *First Amendment*."  *City of*

5    *Erie*, 529 U.S. at 326 (Stevens, J. and Ginsburg, J., dissenting) (emphasis in original).  It was not

6    predicated on a finding that nudity divorced from expressive conduct such as dancing is protected

7    under the First Amendment.  Thus, not a single justice in *City of Erie* suggested that public nudity

8    per se is expressive conduct protected by the First Amendment.

9          More on point, prior to *City of Erie*, the Supreme Court in *Barnes* rejected a First

10    Amendment challenge to an Indianan public indecency statute which banned complete nudity in

11    public despite its impact upon some expressive activity such as nude dancing which the Court

12    acknowledged had some degree of First Amendment protection.  The plurality opinion noted that

13    Indiana "has not banned nude dancing as such, but has proscribed public nudity across the board."

14    *Barnes*, 501 U.S. at 566 (plurality opinion).  Applying the *O'Brien* test, the plurality reviewed the

15    lengthy history of legislation banning public indecency and found that the statute "furthers a

16    substantial government interest in protecting order and morality."  *Id.* at 569.  In concurring, Justice

17    Scalia found the statute was "a general law regulating conduct and not specifically directed at

18    expression," and thus not subject to First Amendment protection at all.  *Id.* at 572 (Scalia, J.,

19    concurring).  As noted above, Justice Souter, in concurring, stated that while nude dancing is

20    inherently expressive, nudity *per se* is not."  *Id.* at 581 (Souter, J., concurring).  Even the dissenting

21    justices in *Barnes* made a distinction between nude dancing in theaters and nudity "in parks,

22    beaches, hot dog stands, and like public places," which was proscribed "to protect others from

23    offense."  *Barnes*, 501 U.S. at 591 (White, J., Marshall, J., Blackmun, J., and Stevens, J., dissenting).

24    Thus, again not a single justice in *Barnes* suggested that public nudity itself constitutes expressive

25    conduct protected by the First Amendment.

26          Thus, it is not surprising that lower courts have also held that public nudity alone is not

27    expression protected by the First Amendment.  *See, e.g.*, *South Fla. Free Beaches, Inc. v. Miami*,

28    734 F.2d 608, 610 (11th Cir. 1984) (stating that "'nudity is protected as speech only when combined

**United States District Court**
For the Northern District of California

1    with some mode of expression which itself is entitled to first amendment protection'"); *Bush v. City*

2    *of San Diego*, No. 10CV1188-LAB (RBB), 2010 U.S. Dist. LEXIS 57922, at *8 (S.D. Cal. June 11,

3    2010) (noting that "[t]he ordinance merely prohibits public nudity, and by its terms regulates

4    conduct alone").

5            This conclusion is consistent with the test to determine when conduct is sufficiently

6    expressive as to deserve First Amendment protection.  Expressive conduct exists where "an intent to

7    convey a particularized message was present, and [ ] the likelihood was great that the message

8    would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989), *quoting*

9    *Spence v. Washington*, 418 U.S. 405, 410-11 (1974); *cf. Dallas v. Stanglin*, 490 U.S. 19, 25 (1989)

10   (noting that "[i]t is possible to find some kernel of expression in almost every activity a person

11   undertakes – for example, walking down the street or meeting one's friends at a shopping mall – but

12   such a kernel is not sufficient to bring the activity within the protection of the First Amendment").

13   Even if a person intended to convey a particular message simply by walking in public nude, the

14   likelihood is far from "great that the message would be understood by those who viewed it," at least

15   absent any other context to suggest that the nudity is intended to convey a particular message.

16   Unlike the burning of a flag (*see Johnson* 491 U.S. at 397), burning of a draft card (*see O'Brien*, 391

17   U.S. at 367), or wearing a black armband in protest against the war (*see Tinker v. Des Moines Indep.*

18   *Comm. School Dist.*, 393 U.S. 503 (1969)), public nudity in and of itself is not commonly associated

19   with expression of a particular message.  *See Bush v. City of San Diego*, No. 10CV1188-LAB

20   (RBB), 2010 U.S. Dist. LEXIS 57922, at *5-6 (S.D. Cal. June 11, 2010) (noting that "nudity, by

21   itself, [does not] communicate an intelligible message such that there [is no] First Amendment right

22   to be naked"; adding that "the link between the [bike] riders' nudity and their message is . . .

23   attenuated").

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court

For the Northern District of California

1    Because nudity in and of itself is not inherently expressive, the Court agrees with Defendants

2    that, under *Nunez*, Plaintiffs' facial challenge to the Ordinance which is not narrowly and

3    specifically directed at expression must fail.[4]  *See Nunez*, 114 F.3d at 950.

4         c.    Overbreadth

5    Although *Nunez* suggests the Court may end its inquiry on the merits of a facial challenge at

6    this point, given the substantial body of jurisprudence finding nudity in some contexts does have

7    expressive value and the fact that the Ordinance does not contain an exemption for, *e.g.*, nudity

8    employed in explicitly expressive activity, the Court finds it appropriate to address Plaintiffs'

9    overbreadth argument.  "For a statute to be facially invalid on overbreadth grounds, it must be

10   substantially overbroad."  *Acosta v. City of Costa Mesa*, 694 F.3d 960, 970 (9th Cir. 2012).  A

11   statute is substantially overbroad "'if a substantial number of its applications are unconstitutional,

12   judged in relation to the statute's plainly legitimate sweep.'"  *United States v. Perelman*, 695 F.3d

13   866, 870 (9th Cir. 2012).

14   In the case at bar, Plaintiffs have failed to make an adequate showing that there is a

15   substantial number of unconstitutional applications, particularly when judged in relation to the

16   Ordinance's plainly legitimate sweep.  Given the Supreme Court's decisions in *City of Erie* and

17   *Barnes*, the Ordinance's general ban on public nudity for the most part regulates conduct only.  In

18   the main therefore, there is no First Amendment problem – *i.e.*, the Ordinance is plainly legitimate.

19   And even though nudity can be expressive in some contexts, Plaintiffs have not established that

20   there are a substantial number of contexts where the conduct constitutes expression[5] and in which

21   the application of the Ordinance would be unconstitutional under the *O'Brien* test.

---

24        [4] To the extent that Plaintiffs' bring an additional First Amendment claim on the basis that
25   the permitting exemption is a prior restraint on speech, that claim also fails because nudity is not
     inherently expressive.  *See Ward v. Rock Against Racism*, 491 U.S. 781, 795 n.5 (1989) (stating that
26   "[t]he relevant question [in determining whether something is a prior restraint] is whether the
     challenged regulation authorizes suppression of *speech* in advance of its expression") (emphasis
27   added).

28        [5] *See Bush*, 2010 U.S. Dist. LEXIS 57922, at *6 (noting that "the link between the [bike]
     riders' nudity and their message is . . . attenuated").

United States District Court

For the Northern District of California

1  The Court notes that, in evaluating Plaintiffs' claim of substantial overbreadth, it considers

2  the fact that § 154 is not as far reaching as Plaintiffs have suggested.  In many respects, the

3  Ordinance is quite limited.  For example, the Ordinance basically bans nudity on public streets,

4  plazas, and transit system areas.  It does not, like the laws in *City of Erie* and *Barnes*, ban nudity in

5  all public places, such as indoor establishments (where there is a consenting audience); nor does it

6  ban nudity on public beaches or parks.[6]  Also, the Ordinance prohibits exposure of a person's

7  genitals, perineum, or anal region only.  It does not ban exposure of breasts as did the laws in *City of*

8  *Erie* and *Barnes*.  *Cf. Barnes*, 501 U.S. at 587 (Souter, J., concurring) (stating that ordinance's

9  limitation is minor, as it only prohibited dancers from "[d]ropping the final stitch.").  While the

10  Ordinance does not contain an explicit exemption for those engaged in expressive matters of serious

11  literary, artistic, scientific or political value as did the Jackson ordinance in *J&B Entertainment, Inc.*

12  *v. City of Jackson*, 152 F.3d 362, 365 (5th Cir. 1998), given the narrowness of the San Francisco

13  Ordinance compared to laws upheld in *City of Erie* and *Barnes*, the Court concludes Plaintiffs have

14  failed to establish there is a "'substantial number of applications [which] are unconstitutional,

15  judged in relation to the statute's plainly legitimate sweep.'"  *Perelman*, 695 F.3d at 870.

16  The Court thus concludes that Plaintiffs' facial challenge also fails under a traditional

17  overbreadth analysis.

18  d.    As-Applied Challenge

19  Because, as noted above, the Court finds that Plaintiffs have made, at this juncture in the

20  proceedings, a facial challenge only, the Court need not opine any further.  However, because

21  dismissal of the complaint is without prejudice to Plaintiffs rasing a ripe as-applied challenge, the

22  Court notes that, unless Plaintiffs can demonstrate that the Ordinance has been enforced selectively

23  in a manner which discriminates on the bases of *e.g.*, of viewpoint, *see Hoye*, 653 F.3d at 854

24  (noting that an as-applied challenge may be made, even where a law is neutral and constitutional in

25  all fact situations, if it has been enforced selectively in a viewpoint discriminatory way), the *O'Brien*

26

27  _____

28  [6]  At the hearing, Defendants explained that there is a separate provision that governs in the City's Park Code.  That provision is not at issue in this case.

1    test – which governs expressive conduct – will apply.  *See O'Brien*, 391 U.S. at 367.  Under the

2    *O'Brien* test,

3            [a] government regulation [of expressive conduct] is sufficiently
     justified if it is within the constitutional power of the Government; if it

4            furthers an important or substantial governmental interest; if the
     governmental interest is unrelated to the suppression of free

5            expression; and if the incidental restriction on alleged First
     Amendment freedoms is no greater than is essential to the furtherance

6            of that interest.

7    *O'Brien*, 391 U.S. at 377.

8           This is consistent with *City of Erie*, where a plurality of the Supreme Court applied the

9    *O'Brien* test.  *See City of Erie*, 529 U.S. at 289, 295 ("clarify[ing] that government restrictions on

10   public nudity such as the ordinance at issue here should be evaluated under the framework set forth

11   in *O'Brien* for content-neutral restrictions on symbolic speech"; adding that "there is nothing

12   objectionable about a city passing a general ordinance to ban public nudity (even though such a ban

13   may place incidental burdens on some protected speech)").  Other courts have followed suit.  *See,*

14   *e.g.*, *Bush*, 2010 U.S. Dist. LEXIS 57922, at *7-8 (applying *O'Brien* test to an ordinance that banned

15   public nudity); *Moore v. City of Berkeley*, No. C-98-3579 CW (N.D. Cal.)) (applying *O'Brien* test to

16   an ordinance that targeted public nudity; noting that "[t]he Ordinance at issue . . . is a general

17   prohibition on public nudity that regulates conduct alone, whether or not that conduct is

18   accompanied by expressive activity").

19          In their opposition, Plaintiffs argue that the *O'Brien* test should not apply and that, instead,

20   the Court should automatically apply the stricter test set forth in *Johnson*, 491 U.S. at 397, because §

21   154 is on its face content-based or "sensitive."  However, the Ordinance on its face is content

22   neutral, because it does not describe the activity it regulates by the content of its message.  *See*

23   *Minority TV Project, Inc. v. FCC*, 676 F.3d 869, 872-74 (9th Cir. 2012) (stating that "'whether a

24   statute is content neutral or content based is something that can be determined on the face of it; if the

25   statute describes speech by content, then it is content based'").  The Ordinance applies across the

26   board to all public nudity regardless of the content of the intended message or in fact whether there

27   is any message at all.

28

United States District Court

For the Northern District of California

1    Plaintiffs also assert that the Ordinance is content-based because of the Ordinance's permit

2  exemption, *see, e.g.*, Docket No. 20 (Reply at 11) (arguing that the ordinance is not content neutral

3  because it allows nude expressive speech at permitted events but not at other times), but that

4  exemption – as a facial matter – is best characterized as a time, manner, and/or place restriction, one

5  that has nothing to do with content. *See, e.g.*, *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1065

6  (9th Cir. 2012) (in case involving permit, noting that a time, place, and manner regulation must

7  contain adequate standards to guide the official's decision and render it subject to effective judicial

8  review); *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1023 (9th Cir.

9  2009) (noting that reasonable time, place, and manner restrictions on speech are permissible and that

10  such restrictions can include permitting requirements); *cf. Barnes*, 501 U.S. at 566 (noting similarity

11  between time, place and matter test and *O'Brien*).  Nothing suggests that permits are issued on the

12  basis of the content of the applicant's message.

13    4.    Equal Protection

14    The Court now turns to Plaintiffs' equal protection claim.  Section 154 generally bans public

15  nudity in certain areas but creates two exceptions: (1) for children under the age of five years and (2)

16  for persons at any permitted parade, fair, or festival held under a City or other government-issued

17  permit.  Based on these exemptions, Plaintiffs bring an equal protection challenge to the Ordinance.

18  More specifically, Plaintiffs contend that the Ordinance violates their right to equal protection

19  because (a) it improperly discriminates between two categories of children – those between 0-4

20  years and those between 5-14 years, *see* Compl. ¶ 48, and (b) it improperly discriminates between

21  persons who are nude at a permitted event and those who are nude in a public place other than at a

22  permitted event.  *See* Compl. ¶ 44.

23    a.    Age Exemption

24    Plaintiffs lack standing to challenge the age exemption.  None is a child between the age of 5

25  and 14.  In their opposition brief, Plaintiffs do little to address this deficiency except to assert that

26  Defendants should be estopped from making the argument because the parties stipulated to deferring

27  a hearing on Plaintiffs' motion for class certification.  *See* Opp'n at 21.  But this is an insufficient

28  basis to make an estoppel argument.  Plaintiffs need to have standing in their own right before they

14

1   can make any argument that they are adequate representatives for members of the class or

2   subclasses.  *See Nelsen v. King County*, 895 F.2d 1248, 1249-50 (9th Cir. 1990) (stating that

3   "[s]tanding 'is a jurisdictional element that must be satisfied prior to class certification'" and that,

4   "[i]f the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other

5   member of the class'").

6            Even if there were not a standing problem, Plaintiffs' equal protection claim is problematic

7   for an independent reason.  Because Plaintiffs' equal protection claim is not based on a fundamental

8   right (as nudity is not inherently expressive), the age exemption is subjected to only rational review.

9   *See Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1141 (9th Cir. 2011) (stating

10  that, "'[i]f the ordinance does not concern a suspect or semi-suspect class or a fundamental right, we

11  apply rational basis review and simply ask whether the ordinance "is rationally-related to a

12  legitimate governmental interest"'"); *see also Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 83

13  (2000) (noting that "[s]tates may discriminate on the basis of age without offending the Fourteenth

14  Amendment if the age classification in question is rationally related to a legitimate state interest";

15  also stating that "[t]he rationality commanded by the Equal Protection Clause does not require States

16  to match age distinctions and the legitimate interests they serve with razorlike precision").  As

17  Defendants argue, "treating infants and preschool children differently from others is entirely

18  reasonable for purposes of a public nudity ban.  The necessity of diaper-changing alone provides a

19  rational basis for excluding infants and toddlers from a public nudity ban."[7]  Mot. at 17.  Moreover,

20  the Board of Supervisors could have assumed there is a lesser connotation of sexuality in the nudity

21  of younger children.  In any event, nothing in Plaintiffs' complaint suggests that there is an absence

---

23        [7]  Plaintiffs have not demonstrated the age exemption here warrants anything other than the
24  most deferential level of rational basis review (as opposed to what commentators have characterized
    as rational basis "with bite") wherein so long as "any reasonably *conceivable* state of facts . . . could
    provide a rational basis for the classification," then Defendants' actions will be deemed to comport
25  with equal protection.  *See SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir.
26  2002); *see also Heller v. Doe*, 509 U.S. 312, 320 (1993) (stating that "[a] State . . . has no obligation
    to produce *evidence* to sustain the rationality of a statutory classification"; that "'[a] legislative
27  choice is not subject to courtroom factfinding and may be based on rational speculation unsupported
    by evidence or empirical data'"; and that "[a] statute is presumed constitutional, and 'the burden is
28  on the one attacking the legislative arrangement to negative every conceivable basis which might
    support it'") (emphasis added).

1  of a rational basis for the differential treatment of children under five.  *See, e.g.*, *Solis v. Fresno*

2  *Police Dep't*, 1:11-CV-00053 AWI GSA, 2011 U.S. Dist. LEXIS 90443, at *22 (E.D. Cal. Aug. 15,

3  2011) (stating that "Plaintiff's Complaint fails to address an absence of rational basis for Plaintiff's

4  treatment"); *Davis v. NCAA*, No. C 11-01207 WHA, 2011 U.S. Dist. LEXIS 68034, at *10-11 (N.D.

5  Cal. June 24, 2011) (stating that, "[i]n order for plaintiffs' federal equal protection claim to survive

6  defendants' motion, the amended complaint must plead sufficient facts and inferences to make it

7  plausible that Bylaw 14.5.4.2 is not rationally related to any conceivable legitimate purpose" and

8  "[i]t does not").  In fact, Plaintiffs have not even addressed the absence of a rational basis in their

9  opposition brief.

10         To the extent Plaintiffs argue that the age exemption in the Ordinance should still be held

11  invalid because it conflicts with state law, they are no better off.  The state law on which Plaintiffs

12  rely is California Penal Code § 26, which provides in relevant part that "[a]ll persons are capable of

13  committing crimes except [*inter alia*] [c]hildren under the age of 14, in the absence of clear proof

14  that at the time of committing the act charged against them, they knew its wrongfulness."  Cal. Pen.

15  Code § 26.  Section 26 is, in essence, a statutory defense to a crime.  *See People v. Anderson*, 51

16  Cal. 4th 989, 996 (2011) (indicating that § 26 is a "statutory defense"); *see also In re Jennings*, 34

17  Cal. 4th 254, 276 (2004) (indicating that a defense to a crime may be made based on § 26).  But, as

18  Defendants point out, whether a person can assert a particular defense to criminal charges is a

19  different issue from whether they can be charged with a crime in the first instance.  Nothing about

20  the Ordinance interferes with a defense under § 26.  There is no conflict between the Ordinance and

21  state law.  *See* Mot. at 24-25; *see also O'Connell*, 41 Cal. 4th at 1068 (explaining that "[a] local

22  ordinance *contradicts* state law when it is inimical to or cannot be reconciled with state law")

23  (emphasis in original).

24              b.    Exemption for Permitted Event

25         As for the permit exemption, Plaintiffs' equal protection challenge also fails.  Once again,

26  because no fundamental right is implicated (as nudity is not inherently expressive), rational review

27  applies.  And once again, Defendants have offered a rational basis for the distinction – *i.e.*, because

28  nudity at permitted events such as the Pride Parade and Bay-to-Breakers is "generally widely

publicized, and the public has come to expect public nudity at those events, and thus is not 'unwillingly or unexpectedly exposed' to nudity at them.  Further, permitted events typically involve street closures and other public safety precautions that reduce the risk that nudity will create public safety hazards."  Mot. at 18; *see also Barnes*, 501 U.S. at 590-91 (White, J., Marshall, J., Blackmun, J., and Stevens, J., dissenting) (stating that "[t]he purpose of forbidding people to appear nude in parks, beaches, hot dog stands, and like public places is to protect others from offense").  The legislative history of the Ordinance contains evidence of the impact of nudity and pedestrian safety/traffic.  *See generally* Defs.' RJN, Ex. D (transcript of the November 5, 2012, special meeting of the City Operations & Neighborhood Services Committee transcript).

Similar to above, nowhere in their complaint or opposition brief do Plaintiffs make any assertion there is a lack of a rational basis for the permit exception.  Rather, in their opposition brief, Plaintiffs make clear that their equal protection claim is predicated on the First Amendment.  *See* Opp'n at 22.  The problem for Plaintiffs is that, as discussed above, nudity in and of itself is not inherently expressive.

     5.    <u>Summary</u>

For the foregoing reasons, the Court concludes that both Plaintiffs' First Amendment claim and their equal protection claim should be dismissed.  As to the First Amendment claim, the facial challenge is dismissed with prejudice.  Plaintiffs have leave to amend, however, to plead an as-applied challenge.  *Cf. Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011) (noting that a pre-enforcement challenge may be made in a First Amendment case, although there are certain standing requirements in the pre-enforcement context).  As to the equal protection claim, the dismissal is without prejudice, and Plaintiffs have leave to amend consistent with this order.

B.    <u>Plaintiffs' Motion for Preliminary Injunction</u>

Because the Court is dismissing Plaintiffs' complaint in its entirety, their motion for a preliminary injunction is denied as moot.  The denial is without prejudice – *i.e.*, this ruling does not bar Plaintiffs from seeking a preliminary injunction in conjunction with a proper as-applied challenge.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety, and Plaintiffs' motion for a preliminary injunction is thereby denied as moot.

The Court also notes that, as an administrative matter, it shall terminate Plaintiffs' motion for class certification because of its decision on the motion to dismiss.  This ruling does not bar Plaintiffs from bringing a class claim in an as-applied challenge, if they can, in good faith and consistent with Federal Rule of Civil Procedure 11, do so.

Plaintiffs have forty-five (45) days from the date of this order to file an amended complaint. This order disposes of Docket Nos. 5 and 15.

IT IS SO ORDERED.

Dated:  January 29, 2013

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

18