United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCH HIGHTOWER, *et al.*, | No. C-12-5841 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | |
| Defendants. | **(Docket No. 31)** |
| _____/ | |

Plaintiffs have filed an amended complaint and, in conjunction with that complaint, have filed an application for a temporary restraining order ("TRO"). The main relief sought by Plaintiffs is a TRO barring enforcement of San Francisco Police Code § 154. Plaintiffs' request for a TRO is hereby **DENIED**. Plaintiffs simply filed an unverified amended complaint and a brief supporting the application. They did not submit any evidence to support their application and, thus, for that reason alone, denial is warranted.

Moreover, even if the Court were to accept the allegations in the application or the amended complaint, many of those allegations are conclusory or lacking in sufficient details. For instance, Plaintiffs claim that, on February 1, 2013, a political rally was held on the steps of City Hall and that Plaintiffs either wrote political slogans on their bodies or carried political signs, but there is no additional information as to what those slogans or signs said or how § 154 interfered with their message. *Cf. Bush v. City of San Diego*, No. 10CV1188-LAB (RBB), 2010 U.S. Dist. LEXIS 57922, at *5-6 (S.D. Cal. June 11, 2010) (noting that "nudity, by itself, [does not] communicate an

1  intelligible message such that there [is no] First Amendment right to be naked"; adding that "the link
2  between the [bike] riders' nudity and their message is . . . attenuated"). As another example,
3  Plaintiffs make reference to a biking event that took place on March 9, 2013, and assert that this
4  event "traditionally takes place without a permit," Mot. at 4, but there is no evidence whether the
5  event was or was not.

6  Furthermore, Plaintiffs' application is lacking in any substantive legal argument in support.
7  In particular, Plaintiffs' contention that they are likely to succeed on the merits is largely conclusory.
8  For example, in Plaintiffs' claim of impermissible prior restraint, they simply assert that, because a
9  political demonstration or rally could not be construed as a festival, parade, or fair – which could be
10 exempted under the ordinance so long as a permit is obtained – the ordinance cannot be a time,
11 place, or manner restriction. But Plaintiffs have cited no authority to support the proposition that a
12 restriction on speech cannot be evaluated as a time, place, and manner restriction simply because of
13 the absence of a permit.

14 For the foregoing reasons, the Court denies Plaintiffs' request for a TRO barring enforcement
15 of § 154. For the same reasons, the Court denies Plaintiffs' request that it issue an order to show
16 cause as to why a preliminary injunction barring enforcement of § 154 should not issue. This order
17 is without prejudice to Plaintiffs' ability to bring a properly noticed, briefed, and supported motion
18 for preliminary injunction.

19 Finally, to the extent Plaintiffs seek a TRO requiring compliance with California Penal Code
20 § 835.5, that request for relief is also denied. Even if the Court were to have supplemental
21 jurisdiction over this state law claim and overlook the lack of evidentiary support, Plaintiffs are
22 basically asking for an "obey-the-law" injunction. Such injunctions are generally disfavored. *See*
23 *EEOC v. Autozone, Inc.*, No. 12-1017, 2013 U.S. App. LEXIS 3311, at *38-39 (7th Cir. Feb. 15,
24 ///
25 ///
26 ///
27
28

2013). Moreover, the TRO language proposed by Plaintiffs is problematic because it fails to take into account that a custodial arrest may still be justified depending on the circumstances – *e.g.*, if a person also commits a misdemeanor at the same time.

This order disposes of Docket No. 31.

IT IS SO ORDERED.

Dated: March 21, 2013

_____
EDWARD M. CHEN
United States District Judge

3