UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCH HIGHTOWER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-5841 EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>**(Docket No. 110)** |

On February 2, 2015, Plaintiffs filed a motion for leave to amend their second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Docket No. 110. Defendants filed their opposition on February 13, 2015. Docket No. 114. The Court has considered the parties' submissions and determined that this matter is appropriate for resolution without oral argument. *See* Civil Local Rule 7-1(b); *see also* Docket No. 115. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion for leave to amend.

**I.   BACKGROUND**

On November 14, 2012, Plaintiffs filed their original complaint. Docket No. 1. On January 29, 2013, the Court denied Plaintiffs' motion for preliminary injunction and granted a motion to dismiss. Docket No. 26. On March 15, 2013, Plaintiffs filed an amended complaint. Docket No. 30. Defendants answered. Docket No. 37. On July 3, 2014, the Court granted Plaintiffs' request for leave to amend their complaint a second time. Docket No. 83. That same day, Plaintiffs filed their second amended complaint. Docket No. 84. Two weeks later, Defendants moved to dismiss the

1  entirety of Plaintiffs' second amended complaint. Docket No. 86. Thereafter, the Court issued its
2  scheduling order, setting out October 31, 2014 as the deadline for amending the pleadings. Docket
3  No. 101. On December 24, 2014 the Court granted in part and denied in part Defendants' motion to
4  dismiss. *See* Docket No. 104. Plaintiffs now seek leave to amend their complaint to file a third
5  amended complaint in order to replead the claims dismissed. Docket No. 110.

## II.   LEGAL STANDARD & DISCUSSION

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." *Id*. However, "the grant or denial of a subsequent opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether leave should be granted pursuant to a District Court's discretion, the Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.*

In the Ninth Circuit, the above listed factors—often referred to as the *Foman* factors—are not weighted equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987)). Rather, courts have held that "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973).

In addition to the requisites of Rule 15, "[o]nce the district court [files] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[.]" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Orders entered before the final pretrial conference may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Rather, "Rule

16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Mammoth Recreations*, 975 F.2d at 609.

In this case, the Court's pretrial scheduling order provides the last day to amend the pleading is October 31, 2014. Docket No. 101 at 2. Plaintiffs' current and third request to amend their complaint was filed on February 2, 2015 – more than three months after the deadline. Docket No. 110. Plaintiffs must show good cause for not having amended their complaints before October 31, 2014 to prevail in their request. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining that under Rule 16 of the FRCP, "[plaintiffs] must show good cause for not having amended their complaints before the time specified in the scheduling order expired.")

Having reviewed the proposed amendments and the parties' briefs, the Court finds no good cause for Plaintiffs' untimely amendment. First, Plaintiffs offer no explanation as to why they did not conform with the pretrial scheduling order and seek to amend their pleadings prior to the deadline. Second, Plaintiffs' proffered amendment largely pleads facts that have been known to Plaintiffs since at least one year prior to the deadline, and which could have been added during any of the prior amendments this Court permitted. Plaintiffs have not satisfied their burden of showing good cause for their untimely amendment under Rule 16.

Plaintiffs' request is properly denied under Rule 15 as well. As noted, there was undue delay in seeking to amend the allegations herein. Moreover, Plaintiffs seek to reinstate or add over ten (10) events in which they believe their constitutional rights were violated. The amendment, if permitted, will likely precipitate another motion to dismiss as well as additional discovery relative to all these events. At this point, it will be impossible to maintain the April 30, 2015 discovery cutoff, the scheduled deadline for dispositive motions and the trial date. Such delay constitutes legal prejudice under *Foman*, and thus warrants denial of Plaintiffs' motion under Rule 15. *See Lockheed Martin Corp. v. Network Solutions*, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998)).

The Court has granted Plaintiffs leave to amend their complaint multiple times. No further delay will be permitted.

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for leave to amend its complaint.

This order disposes of Docket No. 110.

IT IS SO ORDERED.

Dated: March 3, 2015

_____
EDWARD M. CHEN
United States District Judge

4